1  **WO**

2

3

4

5

6  **IN THE UNITED STATES DISTRICT COURT**

7  **FOR THE DISTRICT OF ARIZONA**

8

9

10

| | | |
|---|---|---|
11  Hai Van Le, | ) | No. CV 11-0744-PHX-RCB-ECV
12          Plaintiff, | ) | **ORDER**
13  vs. | ) |
14  Arizona Department of Corrections, et al., | ) |
15          Defendants. | ) |
16 | ) |

17   Plaintiff Hai Van Le, who is confined in the Arizona State Prison Complex-Lewis,

18  in Buckeye, Arizona, has filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983

19  and paid the $350.00 filing fee. The Court will dismiss the Complaint with leave to amend.

20  **I.      Statutory Screening of Prisoner Complaints**

21   The Court is required to screen complaints brought by prisoners seeking relief against

22  a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C.

23  § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised

24  claims that are legally frivolous or malicious, that fail to state a claim upon which relief may

25  be granted, or that seek monetary relief from a defendant who is immune from such relief.

26  28 U.S.C. § 1915A(b)(1), (2).

27   A pleading must contain a "short and plain statement of the claim *showing* that the

28  pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not

**JDDL-K**

1   demand detailed factual allegations, "it demands more than an unadorned, the-defendant-

2   unlawfully-harmed-me accusation."   Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).

3   "Threadbare recitals of the elements of a cause of action, supported by mere conclusory

4   statements, do not suffice." Id.

5       "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a

6   claim to relief that is plausible on its face.'" Id. (quoting Bell Atlantic Corp. v. Twombly,

7   550 U.S. 544, 570 (2007)).  A claim is plausible "when the plaintiff pleads factual content

8   that allows the court to draw the reasonable inference that the defendant is liable for the

9   misconduct alleged." Id. "Determining whether a complaint states a plausible claim for

10  relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial

11  experience and common sense." Id. at 1950.  Thus, although a plaintiff's specific factual

12  allegations may be consistent with a constitutional claim, a court must assess whether there

13  are other "more likely explanations" for a defendant's conduct. Id. at 1951.

14      But as the United States Court of Appeals for the Ninth Circuit has instructed, courts

15  must "continue to construe *pro se* filings liberally." Hebbe v. Pliler, 627 F.3d 338, 342 (9th

16  Cir. 2010). A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards

17  than formal pleadings drafted by lawyers.'" Id. (quoting Erickson v. Pardus, 551 U.S. 89,

18  94 (2007) (*per curiam*)).

19      If the Court determines that a pleading could be cured by the allegation of other facts,

20  a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal of the

21  action. See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*). The Court

22  should not, however, advise the litigant how to cure the defects.  This type of advice "would

23  undermine district judges' role as impartial decisionmakers." Pliler v. Ford, 542 U.S. 225,

24  231 (2004); see also Lopez, 203 F.3d at 1131 n.13 (declining to decide whether the court was

25  required to inform a litigant of deficiencies).  Plaintiff's Complaint will be dismissed for

26  failure to state a claim with leave to amend because the Complaint may possibly be saved by

27  amendment.

28  /     /     /

JDDL-K                                    - 2 -

## II.   Complaint

Plaintiff alleges three counts for failure to protect or threats to safety and violation of due process.  Plaintiff sues the Arizona Department of Corrections (ADC), and the following ADC employees: Director Charles Ryan, Corrections Officer Herb Hailey, and Central Office employee Hugh Matson.  Plaintiff seeks compensatory relief.

Plaintiff alleges the following facts: On July 9, 2011, Plaintiff was severely beaten and stabbed by inmates, who were members of the Mexican Mafia gang.  On six occasions prior to the assault, Plaintiff had unsuccessfully sought protective segregation.  Plaintiff contends the Defendants knew that the Mexican Mafia gang had issued a kill-on-sight order against him.  Plaintiff contends that Defendants' failures to place him protective segregation in light of that knowledge violated his right to protection.

## III.   Failure to State a Claim

To state a claim under § 1983, a plaintiff must allege facts supporting that (1) the conduct about which he complains was committed by a person acting under the color of state law and (2) the conduct deprived him of a federal constitutional or statutory right.  Wood v. Ostrander, 879 F.2d 583, 587 (9th Cir. 1989).  In addition, to state a valid constitutional claim, a plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant and he must allege an affirmative link between the injury and the conduct of that defendant.  Rizzo v. Goode, 423 U.S. 362, 371-72, 377 (1976).

### A.   ADC

On page 1 of the Complaint, Plaintiff lists the ADC as a Defendant.  ADC is not, however, a proper Defendant.  Under the Eleventh Amendment to the Constitution of the United States, neither a state nor a state agency may be sued in federal court without its consent.  Pennhurst St. Sch. & Hosp., 465 U.S. 89, 100 (1984); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).  Arizona has not manifested the intention to waive its sovereign immunity under the Eleventh Amendment from suit in federal court.  Accordingly, the ADC will be dismissed from this action.

/     /     /

JDDL-K

- 3 -

1

### B.     Count I

2      In Count I, Plaintiff alleges that Defendants failed to protect him.  To state a claim

3  under § 1983 for failure to protect or threats to safety, an inmate must allege facts to support

4  that he was incarcerated under conditions posing a substantial risk of harm and that prison

5  officials were "deliberately indifferent" to those risks.  Farmer v. Brennan, 511 U.S. 825,

6  832-33 (1994).  To adequately allege deliberate indifference, a plaintiff must allege facts to

7  support that a defendant knew of, but disregarded, an excessive risk to inmate safety.  Id. at

8  837.  That is, "the official must both [have been] aware of facts from which the inference

9  could be drawn that a substantial risk of serious harm exist[ed], and he must also [have]

10  draw[n] the inference."  Id.

11      Further, to state a claim against a defendant, a "plaintiff must allege facts, not simply

12  conclusions, that show that an individual was personally involved in the deprivation of his

13  civil rights."  Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998).  For an individual

14  to be liable in his official capacity, a plaintiff must allege that the official acted as a result of

15  a policy, practice, or custom or that the official promulgated a policy, practice or custom

16  resulting in the violation.  See Cortez v. County of Los Angeles, 294 F.3d 1186, 1188 (9th

17  Cir. 2001).  In addition, there is no *respondeat superior* liability under § 1983, so a

18  defendant's position as the supervisor of someone who allegedly violated a plaintiff's

19  constitutional rights does not make him liable.  Monell v. Dep't of Soc.Servs., 436 U.S. 658,

20  691 (1978); Taylor, 880 F.2d at 1045.  A supervisor in his individual capacity, "is only liable

21  for constitutional violations of his subordinates if the supervisor participated in or directed

22  the violations, or knew of the violations and failed to act to prevent them."  Taylor, 880 F.2d

23  at 1045.

24      Plaintiff's allegations that each of the Defendants knew that a kill-on-sight order had

25  been issued against him by a prison gang is conclusory.  He fails to allege facts to support

26  that each Defendant knew of the threat, including when and by whom the threat was issued

27  or how and when each Defendant learned of the threat.  Plaintiff also fails to allege facts to

28  support that he was assaulted pursuant to that threat by members of the Mexican Mafia gang.

1   In addition, Plaintiff fails to allege facts to support that each Defendant acted with deliberate

2   indifference to the alleged risk to Plaintiff's safety, i.e., how each "deliberately" put him in

3   harm's way.  For these reasons, Plaintiff thus fails to state a claim for failure to protect or

4   threats to safety in Count I and that Count will be dismissed.

5       **C.   Count II**

6       Plaintiff designates Count II as a claim for threats to his safety, which arises under the

7   Eighth Amendment, based on the Defendants' alleged refusals to place him in protective

8   segregation.  As noted above, Plaintiff fails to allege *facts* to support that any Defendant

9   knew of threats to Plaintiff's safety, including when and how they learned of such threats.

10  In Count II, Plaintiff fails to allege where, when, and how he requested placement in

11  protective segregation and when and how each Defendant refused his request.  Plaintiff also

12  fails to allege *facts* to support that each Defendant knew that failure to place him protective

13  segregation posed a substantial threat to his safety.  While prison officials have a duty to

14  protect inmates from harm, the mere denial of protective custody, absent more, is not

15  sufficient to state a claim.  Rather, Plaintiff must allege facts to support that each Defendant

16  acted with deliberate indifference to a serious threat to his safety.[1]  Farmer, 511 U.S. at 833.

17  Plaintiff therefore fails to state a claim in Count II and this Count will be dismissed.

18      **D.   Count III**

19      Plaintiff designates Count III as a claim for denial of due process in connection with

20  disciplinary proceedings.  He alleges that Defendant Ryan sustained a disciplinary charge

21  issued to Plaintiff after he refused to house in general population out of fear for his safety.

22      Liberty interests that entitle an inmate to due process are "generally limited to freedom

23  from restraint which, while not exceeding the sentence in such an unexpected manner as to

24  give rise to protection by the Due Process Clause of its own force, nonetheless imposes

25

26      [1] Although *pro se* pleadings are liberally construed, Haines v. Kerner, 404 U.S. 519,
    520-21 (1972), conclusory and vague allegations will not support a cause of action.  Ivey v.
27  Board of Regents of the University of Alaska, 673 F.2d 266, 268 (9th Cir. 1982).  Further,
    a liberal interpretation of a civil rights complaint may not supply essential elements of the
28  claim that were not initially pled.  Id.

atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995) (internal citations omitted). Thus, "[a]s long as the conditions or degree of confinement to which the prisoner is subjected is within the sentence imposed upon him and does not otherwise violate the Constitution, the Due Process Clause does not in itself subject an inmate's treatment by prison authorities to judicial oversight." Montanye v. Haymes, 427 U.S. 236, 242 (1976). A prisoner may challenge a disciplinary action which deprives or restrains a state-created liberty interest in some "unexpected manner." Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (citing Sandin, 515 U.S. at 483-84)).

In analyzing whether a hardship is atypical and significant, three guideposts to consider are: (1) the conditions of confinement; (2) the duration of the condition and the degree of restraint imposed; and (3) whether the disciplinary sanction will affect the duration of the prisoner's sentence. Id. at 861; Keenan v. Hall, 83 F.3d 1083, 1088-89 (9th Cir. 1996). "As long as the conditions or degree of confinement to which the prisoner is subjected is within the sentence imposed upon him and is not otherwise violative of the Constitution, the Due Process Clause does not in itself subject an inmate's treatment by prison authorities to judicial oversight." Montanye, 427 U.S. at 242.

To determine whether an inmate is entitled to the procedural protections afforded by the Due Process Clause, the Court must look to the particular restrictions imposed and ask whether they "'present the type of atypical, significant deprivation in which a state might conceivably create a liberty interest.'" Mujahid v. Meyer, 59 F.3d 931, 932 (9th Cir. 1995) (quoting Sandin, 515 U.S. at 486). In analyzing whether a hardship is atypical and significant, three guideposts to consider are: (1) the conditions of confinement; (2) the duration of the condition and the degree of restraint imposed; and (3) whether the sanction will affect the duration of the prisoner's sentence. Ramirez, 334 F.3d at 861; Keenan v. Hall, 83 F.3d 1083, 1088-89 (9th Cir. 1996). "Atypicality" requires not merely an empirical comparison, but turns on the importance of the right taken away from the prisoner. See Carlo v. City of Chino, 105 F.3d 493, 499 (9th Cir. 1997); see, e.g., Sandin, 515 U.S. at 472 (30

1   days disciplinary segregation is not atypical and significant); Torres v. Fauver, 292 F.3d 141,

2   151 (3d Cir. 2002) (4 months in administrative segregation is not atypical and significant);

3   Griffin v. Vaughn, 112 F.3d 703, 706-708 (3d Cir. 1997) (15 months administrative

4   segregation is not atypical and significant); Beverati v. Smith, 120 F.3d 500, 504 (4th Cir.

5   1997) (6 months of confinement in especially disgusting conditions that were "more

6   burdensome than those imposed on the general prison population were not atypical ... in

7   relation to the ordinary incidents of prison life."); Jones v. Baker, 155 F.3d 810 (6th Cir.

8   1998) (2 years in administrative segregation is not atypical and significant); Jacks v.

9   Crabtree, 114 F.3d 983 (9th Cir. 1997) (denial of year sentence reduction is not an atypical

10  and significant hardship).

11       *If* a court determines that a protected liberty interest was implicated, a plaintiff must

12  also have specified the due process safeguard he was denied and by whom. "Prison

13  disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights

14  due a defendant in such proceedings does not apply."  Wolff v. McDonnell, 418 U.S. 539,

15  556 (1974).  Procedural due process safeguards in a prison disciplinary hearing require that

16  the defendant receive: (1) written notice of the charges, no less than twenty-four hours prior

17  to the hearing; (2) a written statement by the fact-finder as to the evidence relied on and

18  reasons for the disciplinary action and (3) a limited right to call witnesses and present

19  documentary evidence when it would not be unduly hazardous to institutional safety or

20  correctional goals to allow the defendant to do so.  Id. at 565-66.

21       Plaintiff generally fails to allege the circumstances surrounding his refusal to house,

22  including when, where, and who issued him a disciplinary charge, or when and how Ryan

23  sustained the disciplinary.  Further, Plaintiff fails to allege that he was in any way punished,

24  much less that he was subjected to an atypical and significant hardship in relation to the

25  ordinary incidents of incarceration as a result of the disciplinary charge.  He alleges no

26  change in his conditions of confinement, the degree of restraint to which he was subject, or

27  that the duration of his sentence was in any way affected by the disciplinary charge.  Finally,

28  Plaintiff fails to allege how his due process rights were violated in connection with the

1  disciplinary charge.  For these reasons, he fails to state a claim for violation of due process
2  in connection with the disciplinary charge.  Accordingly, Plaintiff fails to state a claim
3  against Ryan in Count II.

4  **IV.    Leave to Amend**

5      For the foregoing reasons, Plaintiff's Complaint will be dismissed for failure to state
6  a claim upon which relief may be granted.  Within 30 days, Plaintiff may submit a first
7  amended complaint to cure the deficiencies outlined above.  The Clerk of Court will mail
8  Plaintiff a court-approved form to use for filing a first amended complaint.  If Plaintiff fails
9  to use the court-approved form, the Court may strike the amended complaint and dismiss this
10  action without further notice to Plaintiff.

11      Plaintiff must clearly designate on the face of the document that it is the "First
12  Amended Complaint."  The first amended complaint must be retyped or rewritten in its
13  entirety on the court-approved form and may not incorporate any part of the original
14  Complaint by reference.  Plaintiff may include only one claim per count.

15      A first amended complaint supersedes the original complaint.  Ferdik v. Bonzelet, 963
16  F.2d 1258, 1262 (9th Cir. 1992); Hal Roach Studios v. Richard Feiner & Co., 896 F.2d 1542,
17  1546 (9th Cir. 1990).  After amendment, the Court will treat an original complaint as
18  nonexistent.  Ferdik, 963 F.2d at 1262.  Any cause of action that was raised in the original
19  complaint is waived if it is not raised in a first amended complaint.  King v. Atiyeh, 814 F.2d
20  565, 567 (9th Cir. 1987).

21  **V.    Warnings**

22      **A.    Release**

23      Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release.
24  Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay
25  the balance or (2) show good cause, in writing, why he cannot.  Failure to comply may result
26  in dismissal of this action.

27      **B.    Address Changes**

28      Plaintiff must file and serve a notice of a change of address in accordance with Rule

83.3(d) of the Local Rules of Civil Procedure.  Plaintiff must not include a motion for other relief with a notice of change of address.  Failure to comply may result in dismissal of this action.

**C.    Copies**

Plaintiff must submit an additional copy of every filing for use by the Court.  <u>See</u> LRCiv 5.4.  Failure to comply may result in the filing being stricken without further notice to Plaintiff.

**D.    Possible "Strike"**

Because the Complaint has been dismissed for failure to state a claim, if Plaintiff fails to file an amended complaint correcting the deficiencies identified in this Order, the dismissal may count as a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g).  Under the 3-strikes provision, a prisoner may not bring a civil action or appeal a civil judgment *in forma pauperis* under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

**E.    Possible Dismissal**

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice.  <u>See</u> <u>Ferdik</u>, 963 F.2d at 1260-61 (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED**:

(1)    The Complaint (Doc. 1) is dismissed for failure to state a claim.  Plaintiff has **30 days** from the date this Order is filed to file a first amended complaint in compliance with this Order.

(2)    If Plaintiff fails to file an amended complaint within 30 days, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action with prejudice

1   that states that the dismissal may count as a "strike" under 28 U.S.C. § 1915(g).

2         (3)     The Clerk of Court must mail Plaintiff a court-approved form for filing a civil

3   rights complaint by a prisoner.

4         DATED this 31st day of May, 2011.

5

6

7   _____

8   Robert C. Broomfield
    Senior United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Instructions for a Prisoner Filing a Civil Rights Complaint
in the United States District Court for the District of Arizona**

1. <u>Who May Use This Form</u>.  The civil rights complaint form is designed to help incarcerated persons prepare a complaint seeking relief for a violation of their federal civil rights.  These complaints typically concern, but are not limited to, conditions of confinement.  **This form should not be used to challenge your conviction or sentence**.  If you want to challenge a state conviction or sentence, you should file a petition under 28 U.S.C. § 2254 for a writ of habeas corpus by a person in state custody.  If you want to challenge a federal conviction or sentence, you should file a motion under 28 U.S.C. § 2255 to vacate sentence in the federal court that entered the judgment.

2. <u>The Form</u>.  **Local Rule of Civil Procedure (LRCiv) 3.4(a) provides that complaints by incarcerated persons must be filed on the court-approved form.**  The form must be typed or neatly handwritten. The form must be completely filled in to the extent applicable.  All questions must be answered clearly and concisely in the appropriate space on the form.  If needed, you may attach additional pages, **but no more than fifteen additional pages**, of standard letter-sized paper.  You must identify which part of the complaint is being continued and number all pages. If you do not fill out the form properly, you will be asked to submit additional or corrected information, which may delay the processing of your action.  You do not need to cite law.

3. <u>Your Signature</u>.  You must tell the truth and sign the form.  If you make a false statement of a material fact, you may be prosecuted for perjury.

4. <u>The Filing Fee</u>.  The filing fee for this action is $350.00.  If you are unable to immediately pay the filing fee, you may request leave to proceed *in forma pauperis*.  Please review the "Information for Prisoners Seeking Leave to Proceed with a (Non-Habeas) Civil Action in Federal Court *In Forma Pauperis* Pursuant to 28 U.S.C. § 1915" for additional instructions.

5. <u>Original and Judge's Copy</u>.  You must send an **original plus one copy** of your complaint and of any other documents submitted to the Court.  You must send one additional copy to the Court if you wish to have a file-stamped copy of the document returned to you.  All copies must be identical to the original.  Copies may be legibly handwritten.

6. <u>Where to File</u>.  You should file your complaint in the division **where you were confined when your rights were allegedly violated**.  <u>See</u> LRCiv 5.1(a) and 77.1(a).  If you were confined in Maricopa, Pinal, Yuma, La Paz, or Gila County, file in the Phoenix Division.  If you were confined in Apache, Navajo, Coconino, Mohave, or Yavapai County, file in the Prescott Division.  If you were confined in Pima, Cochise, Santa Cruz, Graham, or Greenlee County, file in the Tucson Division.  **Mail the original and one copy of the complaint with the $350 filing fee or the application to proceed *in forma pauperis* to:**

Revised 3/9/07                                                     1

Phoenix & Prescott Divisions:    **OR**    Tucson Division:
U.S. District Court Clerk                         U.S. District Court Clerk
U.S. Courthouse, Suite 130                     U.S. Courthouse, Suite 1500
401 West Washington Street, SPC 10     405 West Congress Street
Phoenix, Arizona  85003-2119                Tucson, Arizona  85701-5010

7. <u>Change of Address</u>.  You must immediately notify the Court and the defendants in writing of any change in your mailing address.  **Failure to notify the Court of any change in your mailing address may result in the dismissal of your case.**

8. <u>Certificate of Service</u>.  You must furnish the defendants with a copy of any document you submit to the Court (except the initial complaint and application to proceed *in forma pauperis*).  Each original document (except the initial complaint and application to proceed *in forma pauperis*) must include a certificate of service on the last page of the document stating the date a copy of the document was mailed to the defendants and the address to which it was mailed.  <u>See</u> Fed. R. Civ. P. 5(a), (d).  Any document received by the Court that does not include a certificate of service may be stricken.  A certificate of service should be in the following form:

I hereby certify that a copy of the foregoing document was mailed this _____ (month, day, year) to:
Name:  _____
Address:_____
      Attorney for Defendant(s)

_____
(Signature)

9. <u>Amended Complaint</u>.  If you need to change any of the information in the initial complaint, you must file an amended complaint.  The amended complaint must be written on the court-approved civil rights complaint form.  You may file one amended complaint without leave (permission) of Court before any defendant has answered your original complaint.  <u>See</u> Fed. R. Civ. P. 15(a).  After any defendant has filed an answer, you must file a motion for leave to amend and lodge (submit) a proposed amended complaint.  LRCiv 15.1.  In addition, an amended complaint may not incorporate by reference any part of your prior complaint.  LRCiv 15.1(a)(2).  **Any allegations or defendants not included in the amended complaint are considered dismissed**.  All amended complaints are subject to screening under the Prison Litigation Reform Act; screening your amendment will take additional processing time.

10. <u>Exhibits</u>.  You should not submit exhibits with the complaint or amended complaint.  Instead, the relevant information should be paraphrased.  You should keep the exhibits to use to support or oppose a motion to dismiss, a motion for summary judgment, or at trial.

11. <u>Letters and Motions</u>.  It is generally inappropriate to write a letter to any judge or the staff of any judge.  The only appropriate way to communicate with the Court is by filing a written pleading or motion.

12.   <u>Completing the Civil Rights Complaint Form</u>.

**HEADING:**

1.   <u>Your Name</u>.   Print your name, prison or inmate number, and institutional mailing address on the lines provided.

2.   <u>Defendants</u>.   If there are **four or fewer** defendants, print the name of each.   If you name **more than four** defendants, print the name of the first defendant on the first line, write the words "and others" on the second line, and attach an additional page listing the names of **all** of the defendants.   Insert the additional page after page 1 and number it "1-A" at the bottom.

3.   <u>Jury Demand</u>.   If you want a jury trial, you must write "JURY TRIAL DEMANDED" in the space below "CIVIL RIGHTS COMPLAINT BY A PRISONER."   Failure to do so may result in the loss of the right to a jury trial.   A jury trial is not available if you are seeking only injunctive relief.

**Part A.  JURISDICTION:**

1.   <u>Nature of Suit</u>.  Mark whether you are filing the complaint pursuant to 42 U.S.C. § 1983 for state, county, or city defendants; "<u>Bivens v. Six Unknown Federal Narcotics Agents</u>" for federal defendants; or "other."   If you mark "other," identify the source of that authority.

2.   <u>Location</u>.   Identify the institution and city where the alleged violation of your rights occurred.

3.   <u>Defendants</u>.   Print all of the requested information about each of the defendants in the spaces provided.   If you are naming more than four defendants, you must provide the necessary information about each additional defendant on separate pages labeled "2-A," "2-B," etc., at the bottom.   Insert the additional page(s) immediately behind page 2.

**Part B.  PREVIOUS LAWSUITS:**

You must identify any other lawsuit you have filed in either state or federal court while you were a prisoner.   Print all of the requested information about each lawsuit in the spaces provided.   If you have filed more than three lawsuits, you must provide the necessary information about each additional lawsuit on a separate page.   Label the page(s) as "2-A," "2-B," etc., at the bottom of the page and insert the additional page(s) immediately behind page 2.

**Part C.  CAUSE OF ACTION:**

You must identify what rights each defendant violated.   The form provides space to allege three separate counts (**one violation per count**).   If you are alleging more than three counts, you must provide the necessary information about each additional count on a separate page. Number the additional pages "5-A," "5-B," etc., and insert them immediately behind page 5.   Remember that you are limited to a total of fifteen additional pages.

3

1. <u>Counts</u>.  You must identify which civil right was violated.  **You may allege the violation of only one civil right per count**.

2. <u>Issue Involved</u>.  Check the box that most closely identifies the issue involved in your claim.  **You may check only one box per count**.  If you check the box marked "Other," you must identify the specific issue involved.

3. <u>Supporting Facts</u>.  After you have identified which civil right was violated, you must state the supporting facts.  Be as specific as possible.  You must state what each individual defendant did to violate your rights.  If there is more than one defendant, you must identify which defendant did what act.  You also should state the date(s) on which the act(s) occurred, if possible.

4. <u>Injury</u>.  State precisely how you were injured by the alleged violation of your rights.

5. <u>Administrative Remedies</u>.  You must exhaust any available administrative remedies before you file a civil rights complaint.  <u>See</u> 42 U.S.C. § 1997e.  Consequently, you should disclose whether you have exhausted the inmate grievance procedures or administrative appeals for each count in your complaint.  If the grievance procedures were not available for any of your counts, fully explain why on the lines provided.

**Part D.  REQUEST FOR RELIEF:**
Print the relief you are seeking in the space provided.

**SIGNATURE:**
You must sign your name and print the date you signed the complaint.  Failure to sign the complaint will delay the processing of your action.  Unless you are an attorney, you may not bring an action on behalf of anyone but yourself.

**FINAL NOTE**

You should follow these instructions carefully.  Failure to do so may result in your complaint being stricken or dismissed.  All questions must be answered concisely in the proper space on the form.  If you need more space, you may attach no more than fifteen additional pages.  But the form must be completely filled in to the extent applicable.  If you attach additional pages, be sure to identify which section of the complaint is being continued and number the pages.

_____
Name and Prisoner/Booking Number

_____
Place of Confinement

_____
Mailing Address

_____
City, State, Zip Code

**(Failure to notify the Court of your change of address may result in dismissal of this action.)**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

_____ ,    )
(Full Name of Plaintiff)                            )
                          Plaintiff,         )
                                                     )
           vs.                               )   **CASE NO.** _____
                                                     )        (To be supplied by the Clerk)
(1) _____ ,    )
(Full Name of Defendant)                            )
(2) _____ ,    )
                                                     )   **CIVIL RIGHTS COMPLAINT**
(3) _____ ,    )   **BY A PRISONER**
                                                     )
(4) _____ ,    )   ☐ Original Complaint
                          Defendant(s).      )   ☐ First Amended Complaint
☐ Check if there are additional Defendants and attach page 1-A listing them.    )   ☐ Second Amended Complaint

## A. JURISDICTION

1.   This Court has jurisdiction over this action pursuant to:
           ☐ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983
           ☐ 28 U.S.C. § 1331; <u>Bivens v. Six Unknown Federal Narcotics Agents</u>, 403 U.S. 388 (1971).
           ☐ Other: _____.

2.   Institution/city where violation occurred: _____.

Revised 3/9/07                              1

**550/555**

## B.  DEFENDANTS

1.  Name of first Defendant: _____. The first Defendant is employed as:
    _____ at _____.
       (Position and Title)                                    (Institution)

2.  Name of second Defendant: _____. The second Defendant is employed as:
    _____ at _____.
       (Position and Title)                                    (Institution)

3.  Name of third Defendant: _____. The third Defendant is employed as:
    _____ at _____.
       (Position and Title)                                    (Institution)

4.  Name of fourth Defendant: _____. The fourth Defendant is employed as:
    _____ at _____.
       (Position and Title)                                    (Institution)

**If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.**

## C.  PREVIOUS LAWSUITS

1.  Have you filed any other lawsuits while you were a prisoner?     ☐ Yes      ☐ No

2.  If yes, how many lawsuits have you filed? _____.  Describe the previous lawsuits:

    a.  First prior lawsuit:
        1.  Parties: _____ v. _____
        2.  Court and case number: _____.
        3.  Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?) _____
            _____.

    b.  Second prior lawsuit:
        1.  Parties: _____ v. _____
        2.  Court and case number: _____.
        3.  Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?) _____
            _____.

    c.  Third prior lawsuit:
        1.  Parties: _____ v. _____
        2.  Court and case number: _____.
        3.  Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?) _____
            _____.

**If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.**

2

## D.  CAUSE OF ACTION

### COUNT I

1.   State the constitutional or other federal civil right that was violated: _____
_____ .

2.   **Count I**.  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
   ☐ Basic necessities        ☐ Mail            ☐ Access to the court      ☐ Medical care
   ☐ Disciplinary proceedings  ☐ Property        ☐ Exercise of religion     ☐ Retaliation
   ☐ Excessive force by an officer  ☐ Threat to safety  ☐ Other: _____

3.   **Supporting Facts.**  State as briefly as possible the FACTS supporting Count I.  Describe exactly what
**each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without
citing legal authority or arguments.
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____ .

4.   **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).
_____
_____
_____ .

5.   **Administrative Remedies:**
   a.   Are there any administrative remedies (grievance procedures or administrative appeals) available
        at your institution?                                              ☐ Yes    ☐ No
   b.   Did you submit a request for administrative relief on Count I?     ☐ Yes    ☐ No
   c.   Did you appeal your request for relief on Count I to the highest level?  ☐ Yes    ☐ No
   d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why
        you did not. _____
        _____ .

3

**COUNT II**

1.   State the constitutional or other federal civil right that was violated: _____
_____.

2.   **Count II.**  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
   ☐ Basic necessities         ☐ Mail            ☐ Access to the court      ☐ Medical care
   ☐ Disciplinary proceedings  ☐ Property        ☐ Exercise of religion     ☐ Retaliation
   ☐ Excessive force by an officer  ☐ Threat to safety  ☐ Other: _____.

3.   **Supporting Facts.**  State as briefly as possible the FACTS supporting Count II.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.   **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).
_____
_____
_____.

5.   **Administrative Remedies.**
   a.   Are there any administrative remedies (grievance procedures or administrative appeals) available
        at your institution?                                           ☐ Yes     ☐ No
   b.   Did you submit a request for administrative relief on Count II?  ☐ Yes     ☐ No
   c.   Did you appeal your request for relief on Count II to the highest level?  ☐ Yes     ☐ No
   d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why
        you did not. _____
        _____.

**COUNT III**

1.   State the constitutional or other federal civil right that was violated: _____
_____.

2.   **Count III.** Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
☐ Basic necessities        ☐ Mail        ☐ Access to the court        ☐ Medical care
☐ Disciplinary proceedings  ☐ Property    ☐ Exercise of religion       ☐ Retaliation
☐ Excessive force by an officer  ☐ Threat to safety  ☐ Other: _____.

3.   **Supporting Facts.**  State as briefly as possible the FACTS supporting Count III.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.   **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5.   **Administrative Remedies.**
   a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                                      ☐ Yes   ☐ No
   b.   Did you submit a request for administrative relief on Count III?        ☐ Yes   ☐ No
   c.   Did you appeal your request for relief on Count III to the highest level?  ☐ Yes   ☐ No
   d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
_____.

**If you assert more than three Counts, answer the questions listed above for each additional Count on a separate page.**

## E.  REQUEST FOR RELIEF

State the relief you are seeking:

_____
_____
_____
_____
_____
_____
_____.


I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____          _____
                              DATE                                              SIGNATURE OF PLAINTIFF



_____
(Name and title of paralegal, legal assistant, or
other person who helped prepare this complaint)



_____
(Signature of attorney, if any)
_____
_____
_____
(Attorney's address & telephone number)


## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form.  If you need more space, you may attach no more than fifteen additional pages.  But the form must be completely filled in to the extent applicable.  If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages.