**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Hai Van Le, | ) | No. CV 11-0744-PHX-RCB-ECV |
| Plaintiff, | ) | |
| vs. | ) | **ORDER** |
| Arizona Department of Corrections, et al., | ) | |
| Defendants. | ) | |

Plaintiff Hai Van Le, who is confined in the Arizona State Prison Complex-Lewis, in Buckeye, Arizona, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983, which the Court dismissed for failure to state a claim with leave to amend. (Doc. 1, 3.) Plaintiff has filed a First Amended Complaint. (Doc. 8.) The Court will order Defendants Ryan, Hailey, Matson, Osborn, and Smith to answer Count I of the First Amended Complaint and will dismiss the remaining claim without prejudice.

**I.    Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b)(1), (2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. Id. at 1951.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally." Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" Id. (quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*)).

**II.     First Amended Complaint**

Plaintiff alleges two counts for failure to protect or threats to safety and violation of due process. Plaintiff sues the Arizona Department of Corrections (ADC), and the following ADC employees: Director Charles Ryan, Protective Segregation Administrator Herb Hailey, Browning Unit Deputy Warden (DW) Hugh Matson, and Browning Unit Corrections Officer (CO) IV Osborn and CO III Smith. Plaintiff seeks injunctive, compensatory, and punitive relief.

1    Plaintiff alleges the following facts: on the following dates, Plaintiff requested
2    protective segregation pursuant to ADC Director's Instruction 67 (DI-67): December 21,
3    2005; August 23, 2006; June 7, 2007; August 1, 2009; and April 2010. Defendants Matson,
4    Hailey, and Ryan denied those requests. Plaintiff contends that if they had thoroughly
5    investigated, they would have found that a kill-on-sight order had been issued against
6    Plaintiff by Fernando Cordova, a high-ranking member of the Mexican Mafia prison gang.

7    On October 7 and November 16, 2009, Plaintiff notified DW Matson by inmate letter
8    that Cordova had issued a kill-on-sight order against him. On October 7, 2009, Plaintiff also
9    informed Defendant Smith by inmate letter of the threat and requested placement in
10   protective segregation via DI-67. Contrary to DI-67, Smith failed to respond to Plaintiff's
11   inmate letter or to initiate the DI-67 process and instead forwarded Plaintiff's request to
12   Defendant Osborn. On November 16, 2009, Plaintiff informed Osborn of the threat to his
13   safety posed by Cordova's kill-on-sight order and again requested protective segregation.
14   Osborn denied Plaintiff's request. In addition, Plaintiff's sister sent a letter to Ryan notifying
15   him of the kill-on-sight order against her brother. Nevertheless, Plaintiff was returned to
16   General Population (GP) and later assaulted as described below.

17   Plaintiff arrived at the Lewis-Morey Unit on July 9, 2010. That morning, Cordova
18   "soldiers" asked for Plaintiff's name and prison number. At lunch turn-out that day, Plaintiff
19   was severely beaten and stabbed by four inmates on Cordova's orders. Plaintiff was
20   seriously injured.

21   **III.    Failure to State a Claim**

22   To state a claim under § 1983, a plaintiff must allege facts supporting that (1) the
23   conduct about which he complains was committed by a person acting under the color of state
24   law and (2) the conduct deprived him of a federal constitutional or statutory right. Wood v.
25   Ostrander, 879 F.2d 583, 587 (9th Cir. 1989). In addition, to state a valid constitutional
26   claim, a plaintiff must allege that he suffered a specific injury as a result of the conduct of
27   a particular defendant and he must allege an affirmative link between the injury and the
28   conduct of that defendant. Rizzo v. Goode, 423 U.S. 362, 371-72, 377 (1976).

1          Plaintiff designates Count II as a claim for violation of due process based on
2 Defendants' failures to initiate DI-67 proceedings and failure to protect. "[I]f a constitutional
3 claim is covered by a specific constitutional provision, such as the Fourth or Eighth
4 Amendment, the claim must be analyzed under the standard appropriate to that specific
5 provision, not under the rubric of substantive due process [under the Fourteenth
6 Amendment]." Crown Point Dev., Inc. v. City of Sun Valley, 506 F.3d 851, 853 (9th Cir.
7 2007) (citing Graham v. Connor, 490 U.S. 386, 388 (1989)); see Albright v. Oliver, 510 U.S.
8 266, 273 (1994).

9          In this case, Plaintiff's claim for threat to safety or failure to protect, is subsumed by
10 the Eighth Amendment. Accordingly, to the extent that Plaintiff asserts a violation of his due
11 process rights, he fails to state a claim and Count II will be dismissed.

**IV.     Claim for Which an Answer Will be Required Leave to Amend**

          Plaintiff sufficiently alleges a claim for threat to safety or failure to protect against each of the Defendants. Accordingly, the Defendants will be required to respond to Count I of the First Amended Complaint.

**V.      Warnings**

   **A.     Address Changes**

          Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

   **B.     Copies**

          Plaintiff must serve Defendants, or counsel if an appearance has been entered, a copy of every document that he files. Fed. R. Civ. P. 5(a). Each filing must include a certificate stating that a copy of the filing was served. Fed. R. Civ. P. 5(d). Also, Plaintiff must submit an additional copy of every filing for use by the Court. See LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Plaintiff.

**C.     Possible Dismissal**

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)     Count II is **dismissed** without prejudice.  (Doc. 8.)

(2)     Defendants Ryan, Hailey, Matson, Osborn, and Smith must answer Count I of the First Amended Complaint.  (Doc. 8.)

(3)     The Clerk of Court must send Plaintiff a service packet including the First Amended Complaint (Doc. 8), this Order, and both summons and request for waiver forms for Defendants Ryan, Hailey, Matson, Osborn, and Smith.

(4)     Plaintiff must complete[1] and return the service packet to the Clerk of Court within 21 days of the date of filing of this Order.  The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

(5)     If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and First Amended Complaint on a Defendant within 120 days of the filing of the Complaint or within 60 days of the filing of this Order, whichever is later, the action may be dismissed as to each Defendant not served.  Fed. R. Civ. P. 4(m); LRCiv 16.2(b)(2)(B)(i).

(6)     The United States Marshal must retain the Summons, a copy of the First Amended Complaint, and a copy of this Order for future use.

(7)     The United States Marshal must notify Defendants of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal

---

[1] If a Defendant is an officer or employee of the Arizona Department of Corrections, Plaintiff must list the address of the specific institution where the officer or employee works.  Service cannot be effected on an officer or employee at the Central Office of the Arizona Department of Corrections unless the officer or employee works there.

Rules of Civil Procedure. The notice to Defendants must include a copy of this Order. **The Marshal must immediately file signed waivers of service of the summons. If a waiver of service of summons is returned as undeliverable or is not returned by a Defendant within 30 days from the date the request for waiver was sent by the Marshal, the Marshal must**:

(a) personally serve copies of the Summons, First Amended Complaint, and this Order upon Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure; and

(b) within 10 days after personal service is effected, file the return of service for Defendant, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon Defendant. The costs of service must be enumerated on the return of service form (USM-285) and must include the costs incurred by the Marshal for photocopying additional copies of the Summons, First Amended Complaint, or this Order and for preparing new process receipt and return forms (USM-285), if required. Costs of service will be taxed against the personally served Defendant pursuant to Rule 4(d)(2) of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

(8) **A Defendant who agrees to waive service of the Summons and First Amended Complaint must return the signed waiver forms to the United States Marshal, not the Plaintiff.**

(9) Defendant must answer the First Amended Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

(10) Any answer or response must state the specific Defendant by name on whose behalf it is filed. The Court may strike any answer, response, or other motion or paper that does not identify the specific Defendant by name on whose behalf it is filed.

1    (11)    This matter is referred to Magistrate Judge Edward C. Voss pursuant to Rules
2 72.1 and 72.2 of the Local Rules of Civil Procedure for all pretrial proceedings as authorized
3 under 28 U.S.C. § 636(b)(1).

5    Dated this 26th day of August, 2011.

_____
Robert C. Broomfield
Senior United States District Judge

12 copies to counsel of record, and plaintiff *pro se*